1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

FEDERAL TRADE COMMISSION,

             Plaintiff,

             v.

DINAMICA FINANCIERA LLC,
  a California limited liability company;

SOLUCIONES DINAMICAS, INC.,
  a California corporation;

VALENTIN BENITEZ,
  an individual;

JOSE MARIO ESQUER,
  an individual; and

ROSA ESQUER
  an individual,

             Defendants.

Case No. CV 09-03554 MMM (PJWx)

~~[PROPOSED]~~ PRELIMINARY
INJUNCTION

On May 19, 2009, plaintiff Federal Trade Commission ("FTC" or "Commission") filed this action for a permanent injunction and other equitable relief under Section 13(b) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 53(b), and applied *ex parte* for a temporary restraining order ("TRO") and order to show cause why a preliminary injunction should not issue under Rule 65 of the Federal Rules of Civil Procedure.  The court entered a

1 | TRO and order to show cause on May 20, 2009, and set dates for further briefing of the order
2 | to show cause.  Although served, defendants have not appeared and have not opposed the entry
3 | of a preliminary injunction.  Based on the record before it, the court makes the following
4 | findings of fact and conclusions of law:

5 |

6 | **FINDINGS OF FACT AND CONCLUSIONS OF LAW**

7 |       1.      Plaintiff FTC is an independent agency of the United States Government created
8 | by statute.  15 U.S.C. §§ 41-58, as amended.  The Commission is charged, *inter alia*, with
9 | enforcement of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a) prohibiting unfair or deceptive
10 | acts or practices in or affecting commerce.  The Commission is authorized to initiate federal
11 | district court proceedings, by its own attorneys, to enjoin violations of the FTC Act, and to
12 | secure equitable relief, including restitution for injured consumers and disgorgement of ill-gotten
13 | gains, as appropriate in each case.  15 U.S.C. § 53(b).

14 |       2.      Defendant Dinamica Financiera LLC is a California limited liability company that
15 | has used the following addresses: 7857 East Florence Avenue, Suite 201, Downey, California
16 | 90240, and 9550 Firestone Blvd, Suite 201, Downey, California 90241.  Dinamica was formed
17 | in August 2000 and operated until at least May 2008.

18 |       3.      Soluciones Dinamicas, Inc. is a California corporation with its principal place of
19 | business at 9550 Firestone Blvd, Suite 201, Downey, California 90241.  Soluciones was formed
20 | in May 2008 and operated until at least April 2009.

21 |       4.      Defendant Jose Mario Esquer formed Dinamica in August 2000.  Esquer is a
22 | member, manager, and supervisor of Dinamica, and manages Soluciones.

23 |       5.      Defendant Valentin Benitez is a member and manager of Dinamica.  Benitez is a
24 | manager, supervisor, and owner of Soluciones.

25 |       6.      Dinamica, Soluciones, Esquer, and Benitez ("defendants") transact or have
26 | transacted business in the Central District of California.

27 |       7.      Defendants have advertised and marketed their services to homeowners facing
28 | foreclosure via Spanish-language radio and magazine advertisements, and during in-person and

telephone consultations.

8. In numerous instances, defendants have represented to consumers, expressly or by implication, that they are able to obtain a mortgage loan modification or stop foreclosure in all or virtually all instances.

9. Consumers have relied on defendants' representations.

10. Defendants charge their clients the equivalent of one month's mortgage payment for their services. Since January 2006, consumers have paid defendants millions of dollars.

11. Contrary to their representations, defendants are not able to obtain a mortgage loan modification or stop foreclosure in all or virtually all instances.

12. The court has subject matter jurisdiction pursuant to 15 U.S.C. §§ 45(a) and 53(b), and 28 U.S.C. §§ 1331, 1337(a), and 1345.

13. Venue in the United States District Court for the Central District of California is proper under 15 U.S.C. § 53(b) and 28 U.S.C. § 1391(b) and (c).

14. Defendants' acts and practices are in or affecting commerce as "commerce" is defined in Section 4 of the FTC Act, 15 U.S.C. § 44.

15. Section 13(b) of the FTC Act, 15 U.S.C. § 53(b), authorizes the court to issue a preliminary injunction, an asset freeze order, and other appropriate relief.

16. A district court may grant a preliminary injunction if the moving party shows either: (1) a combination of probable success on the merits and the possibility of irreparable injury, or (2) that serious questions of law are raised and the balance of hardships tips in its favor. *United States v. Odessa Union Warehouse Co-op*, 833 F.2d 172, 174 (9th Cir. 1987).

17. Where the government moves for injunctive relief in a statutory enforcement action, it need not show irreparable injury if it shows a likelihood of success on the merits; in such a case, harm to the public interest is presumed. *FTC v. World Wide Factors*, 882 F.2d 344, 347 (9th Cir. 1989); see also *FTC v. Affordable Media, LLC*, 179 F.3d 1228, 1233 (9th Cir. 1999) ("Section 13(b), therefore, 'places a lighter burden on the [FTC] than that imposed on private litigants by the traditional equity standard; the Commission need not show irreparable harm to obtain a preliminary injunction.' *FTC v. Warner Communications, Inc.*, 742 F.2d 1156,

1159 (9th Cir. 1984).   Under this more lenient standard, 'a court must 1) determine the likelihood that the Commission will ultimately succeed on the merits and 2) balance the equities. . .'").

18.     In weighing the public and private equities, the public interest should receive greater weight. *World Wide Factors*, 882 F.2d at 347.

19.     Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), prohibits "unfair or deceptive acts or practices in or affecting commerce." A violation of Section 5(a) is properly found upon a showing that "first, there is a representation, omission, or practice that, second, is likely to mislead consumers acting reasonably under the circumstances, and third, the representation, omission, or practice is material." *FTC v. Pantron I Corp.*, 33 F.3d 1088, 1095 (9th Cir. 1994), cert. denied, *Pantron I Corp. v. FTC*, 514 U.S. 1083 (1995); see also *Resort Car Rental System v. FTC*, 518 F.2d 962, 964 (9th Cir. 1975), cert. denied, 423 U.S. 827 (1975).

20.     Misleading statements can be express or implied. *FTC v. Gill*, 71 F.Supp.2d 1030, 1043 (C.D. Cal. 1999), aff'd, 265 F.3d 944 (9th Cir. 2001); see *FTC v. Figgie Int'l, Inc.*, 994 F.2d 595, 604 (9th Cir. 1993), cert. denied, 510 U.S. 1110 (1994).

21.     In determining if a representation is misleading, the court considers the "overall net impression." *Gill*, 71 F. Supp 2d at 1043 (citing *FTC v. U.S. Sales Corp.*, 785 F.Supp. 737, 745 (N.D. Ill. 1992)); see also *FTC v. Cyberspace.com LLC*, 453 F.3d 1196, 1200 (9th Cir. 2006).

22.     Representations "capable of being interpreted in a misleading way should be construed against the person making the representation." *Gill*, 71 F. Supp 2d at 1045-46 (citing *Resort Car Rental Sys., Inc. v. FTC*, 518 F.2d 962, 964 (9th Cir. 1975)).

23.     The FTC is likely to prove that, in numerous instances, defendants have represented to consumers, expressly or by implication, that defendants have the ability to obtain a mortgage loan modification or stop foreclosure in all or virtually all instances, and that these representations are false.

24.     The FTC is likely to prove that defendants' representations that they have the ability to obtain a mortgage loan modification or stop foreclosure or in all or virtually all

1    instances were material, and that consumers' reliance on those representations was reasonable.

2        25.    If a business is liable for violating Section 5, an individual defendant may be held

3    liable for injunctive relief if the individual defendant participated directly in the practices or acts

4    of the business or had authority to control them.  *FTC v. Publishing Clearing House*, 104 F.3d

5    1168, 1170 (9th Cir. 1997); *FTC v. Amy Travel Services, Inc.*, 875 F.2d 564, 573 (7th Cir.

6    1989), cert. denied, 493 U.S. 954 (1989); *FTC v. Freecom Communications, Inc.*, 401 F.3d

7    1192, 1203-04 (10th Cir. 2005).

8        26.    The FTC is likely to prove that Esquer and Benitez had authority to control and

9    did control Dinamica and Soluciones.

10       27.    The FTC is likely to prove that defendants have engaged in and are likely to

11   engage in acts that violate Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), and thus to prevail

12   on the merits of its claims in this action.

13       28.    It is likely that immediate and irreparable harm will result from defendants'

14   ongoing violations of the FTC Act unless they are restrained and enjoined by entry of a

15   preliminary injunction.

16       29.    An asset freeze may be imposed when the possibility of dissipation of assets exists.

17   *Fed. Sav. & Loan Ins. Corp.  v. Sahni*, 868 F.2d 1096, 1097 (9th Cir. 1989).

18       30.    The possibility of dissipation exists where defendants have engaged in pervasive

19   fraudulent activity.  See, e.g., *FTC v. H.N. Singer, Inc.*, 668 F.2d 1107, 1113 (9th Cir. 1982)

20   (noting that the purpose of an assets freeze order is to ensure that those who were defrauded are

21   compensated, and that, while the district court must carefully consider whether to issue such an

22   order, there was "no danger [in the case before it] that the freeze [would] disrupt the defendants'

23   business affairs, to the detriment of those whom the defendants have defrauded.  They are out

24   of business, and their activities, as shown in the record, lead to the conclusion that, absent a

25   freeze, they would either dispose of, or conceal, or send abroad, all of the moneys that they have

26   obtained from their victims"); *SEC v. Manor Nursing Ctrs., Inc.*, 458 F.2d 1082, 1106 (2d Cir.

27   1972) ("the court could not be assured that appellants would not waste their assets prior to

28   refunding public investors' money.  Moreover, at the time the court's order was entered, a great

deal of uncertainty existed with respect to the total amount of proceeds received and their location.  Appellants' failure to present evidence to remove this uncertainty warranted a measure designed to preserve the status quo while the court could obtain an accurate picture of the whereabouts of the proceeds of the public offering.  In addition, the continued failure of some appellants to furnish the information necessary to a complete understanding of the current situation justified extension of the temporary freeze until appellants have refunded the proceeds.  Under the circumstances, we hold that there is no basis for disturbing the district court's finding that a temporary freeze was necessary to protect the public interest"); see also *SEC v. Chemical Trust*, No. 00-8015-CIV, 2000 WL 33231600, *12 (S.D. Fla. Dec. 19, 2000) ("[T]he pre-trial orders freezing assets and requiring the repatriation of assets are hereby extended.  It would be highly inequitable and illogical if, after a finding against the defendants that they committed securities fraud, and after a finding against ACC that it possesses some of the fruits of the fraud, ACC were then allowed to dissipate stolen investor funds that had once been frozen.  Instead, the present asset freeze and repatriation orders should be continued so that, after the defendants and relief defendants eventually reveal the whereabouts of the stolen investor funds, the Commission can meaningfully pursue proceedings in execution of this Court's order").

31.     The magnitude of defendants' ultimate liability may also warrant the entry of an asset freeze.  See, e.g., *FTC v. USA Beverages, Inc.*, No. 05-61682 CIV, 2005 WL 5654219, *8-9 (S.D. Fla. Dec. 6, 2005) ("An asset freeze is appropriate where, as here, it is necessary to preserve the possibility of restitution for victimized consumers. . . .  The scope of the monetary liability for Defendants' unlawful conduct is enormous and provides considerable motivation for defendants to place their assets beyond the Court's reach" (citations omitted)) (Report and Recommendation), adopted by *FTC v. USA Beverages, Inc.*, No. 05-61682-CIV, 2005 WL 5643834 (S.D. Fla. Dec. 9, 2005).

32.     There is good cause to believe that defendants are engaged in a pattern of fraudulent activity and face a potential liability of millions of dollars, and thus might possibly dissipate their assets.

33.     An individual who is liable for injunctive relief under Section 13(b) of the FTC

1    Act is also liable for monetary relief if the individual had sufficient "knowledge" of the

2    deception. *Publishing Clearing House*, 104 F.3d at 1171; *Freecom Communications*, 401 F.3d

3    at 1207; *Amy Travel*, 875 F.2d at 573-74.

4        34.    The requisite degree of knowledge can be demonstrated by showing actual

5    knowledge of material misrepresentations, reckless indifference to the truth or falsity of the

6    misrepresentations, or an awareness of a high probability of fraud along with an intentional

7    avoidance of the truth. *Publishing Clearing House*, 104 F.3d at 1171.

8        35.    The extent of an individual's involvement in the business affairs of a company

9    engaged in deception "alone is sufficient to establish the requisite knowledge for personal

10   restitutionary liability." *FTC v. Affordable Media, LLC*, 179 F.3d 1228, 1235 (9th Cir. 1999).

11       36.    The FTC will likely prove that Benitez and Esquer have the requisite degree of

12   knowledge to be held liable for monetary relief.

13       37.    Immediate and irreparable damage to the court's ability to grant effective final

14   relief for consumers – including refunds, rescission and restitution, disgorgement, or other

15   equitable monetary relief – will occur from the sale, transfer, or other disposition or concealment

16   by defendants of assets or records unless defendants are immediately restrained and enjoined by

17   entry of a preliminary injunction and asset freeze order.

18       38.    Considering plaintiff's likelihood of ultimate success and weighing the equities,

19   a preliminary injunction ("Order"), coupled with an asset freeze and other equitable relief is in

20   the public interest.

21       39.    No security is required of any agency of the United States for issuance of a

22   preliminary injunction. FED.R.CIV.PROC. 65(c).

23

24                                    **ORDER**

25                                   DEFINITIONS

26       For purposes of this Order, the following definitions shall apply:

27       1.     "Assets" means any legal or equitable interest in, right to, or claim to, any real

28   or personal property, including, without limitation, chattels, goods, instruments, equipment,

fixtures, general intangibles, leaseholds, mail or other deliveries, inventory, checks, notes, accounts, credits, contracts, receivables, shares of stock, and all cash, wherever located.

2.     "Assisting Others" means knowingly providing any of the following goods or services to another person:

> a.     performing customer service functions, including, but not limited to, receiving or responding to consumer complaints; or
>
> b.     formulating or providing, or arranging for the formulation or provision of, any telephone sales script or any other marketing material; or
>
> c.     providing names of, or assisting in the generation of, potential customers; or
>
> d.     performing marketing services of any kind.

3.     "Defendants" means Dinamica Financiera LLC, Soluciones Dinamicas, Inc., Valentin Benitez, and Jose Mario Esquer and each of them, by whatever names each might be known by, as well as their successors and assigns, whether acting directly or through any corporation, subsidiary, division, or other device, including, but not limited to, fictitious business names.

4.     "Dinamica" means Defendant Dinamica Financiera LLC.

5.     The term "Document" is equal in scope and synonymous in meaning to the usage of the term in Federal Rule of Civil Procedure 34(a), and includes writings, drawings, graphs, charts, photographs, audio and video recordings, computer records, and any other data compilations from which information can be obtained. A draft or non-identical copy is a separate document within the meaning of the term.

6.     "Individual Defendants" refers to Defendants Valentin Benitez and Jose Mario Esquer.

7.     "Material Fact" means any fact that is likely to affect a person's choice of, or conduct regarding, goods or services.

8.     "Mortgage foreclosure rescue service" means any service, product, or program wherein the offeror, expressly or by implication, claims that it can assist a homeowner in any

manner to (A) stop, prevent, or postpone any home mortgage foreclosure sale, (B) obtain or arrange a modification of any term of a home loan, deed of trust, or mortgage; (C) obtain any forbearance from any mortgage loan holder or servicer, (D) exercise any statutory right of reinstatement, (E) obtain any extension of the period within which the owner may reinstate his or her obligation, (F) obtain any waiver of an acceleration clause contained in any promissory note or contract secured by a deed of trust or mortgage on a residence in foreclosure or contained in that deed of trust or mortgage, (G) obtain a loan or advance of funds that is connected to the consumer's home ownership, (H) avoid or ameliorate the impairment of the owner's credit standing, credit rating or credit profile resulting from the recording of a notice of default or the conduct of a foreclosure sale, (I) save the owner's residence from foreclosure, or (J) assist the owner in obtaining proceeds from the foreclosure sale of the owner's residence. The foregoing shall include any manner of claimed assistance, including, but not limited to, debt, budget, or financial counseling, receiving money for the purpose of distributing it to creditors, contacting creditors on behalf of the homeowner, arranging or attempting to arrange for an extension of the period within which the owner of property sold at foreclosure may cure his or her default, arranging or attempting to arrange for any delay or postponement of the time of a foreclosure sale, and giving advice of any kind with respect to filing for bankruptcy.

9.     "Mortgage loan holder or servicer" means any beneficiary, mortgagee, trustee, loan servicer, or any other loan holder and/or their authorized agents.

10.     "Plaintiff" means the Federal Trade Commission.

11.     "Person" means a natural person, organization, or other legal entity, including a corporation, partnership, proprietorship, association, cooperative, or any other group or combination acting as an entity.

12.     "Soluciones" refers to Defendant Soluciones Dinamicas, Inc.

13.     The term "and" also means "or," and the term "or" also means "and."

# I.

## PROHIBITED REPRESENTATIONS

**IT IS ORDERED** that defendants and their successors, assigns, officers, agents,

ase 2:09-cv-03554-MMM-PJW   Document 30   Filed 06/03/09   Page 10 of 20   Page ID #:1864

servants, employees, and attorneys, and those persons in active concert or participation with any of them who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any corporation, subsidiary, division, or other device, in connection with the advertising, marketing, promotion, offering for sale or sale of any mortgage foreclosure rescue service, are hereby restrained and enjoined from falsely representing, or from assisting others who are falsely representing, expressly or by implication, any of the following:

    A.    That any Defendant or any other person will:

        1.    stop, prevent, or postpone any home mortgage foreclosure sale;

        2.    save any consumer's residence from foreclosure;

        3.    prevent a notice of default from being filed with respect to any consumer's residence or home loan;

        4.    obtain or write a new home loan for any consumer;

        5.    obtain or arrange refinancing of a home loan for any consumer;

        6.    obtain or arrange a forbearance from any mortgage loan holder or servicer;

        7.    obtain or arrange any agreement whereby any consumer's mortgage payments are deferred for any period of time;

        8.    obtain or arrange a modification of any term of a home loan, deed of trust or mortgage;

        9.    obtain or arrange lower monthly mortgage payments for any consumer;

        10.    obtain or arrange affordable monthly mortgage payments for any consumer;

        11.    immediately or promptly contact any consumer's mortgage loan holder or servicer; or

        12.    give a full refund of any fees paid if the Defendant or any other person fails to stop, prevent, or postpone any foreclosure or perform any other agreed-upon services;

    B.    The terms that any mortgage loan holder or servicer will or is likely to offer or

1 accept to cure any delinquency or default on, or to re-instate, any mortgage or other home loan,

2 including but not limited to:

3               1.    the amount of any good-faith, up-front, or lump sum payment that the

4                       consumer will be required to make;

5               2.    the amount of any monthly payment(s) that the consumer will be required

6                       to make;

7               3.    the length of time the consumer will be provided to cure any delinquency;

8     C.    The amount of time that it will take or is likely to take for any Defendant or other

9 person to arrange or reach an agreement with any consumer's mortgage loan holder or servicer

10 to prevent foreclosure or to cure any delinquency or default on, or to re-instate, any mortgage

11 or other home loan;

12     D.    The nature of the Defendant's or any other person's relationship with any

13 mortgage loan holder or servicer, or other lender;

14     E.    The length of time that any Defendant or any other Person has been in the

15 mortgage foreclosure rescue service business;

16     F.    The cost of such service or of any aspect of such service;

17     G.    That any Defendant or any other Person is affiliated with, endorsed or approved

18 by, or otherwise connected to any government agency, unit or department, including but not

19 limited to the U.S. Department of Housing and Urban Development (H.U.D.);

20     H.    The refund policy of any Defendant or any other person, including but not limited

21 to the likelihood of a consumer obtaining a full or partial refund, or the circumstances in which

22 a full or partial refund will be granted to the consumer; or

23     I.    Any other Material Fact.

24 **II.**

25 **ASSET FREEZE**

26 **IT IS FURTHER ORDERED** that each of the defendants is hereby restrained and

27 enjoined, until further order of this Court, from:

28     A.    Transferring, encumbering, selling, concealing, pledging, hypothecating,

11

assigning, spending, withdrawing, disbursing, conveying, gifting, dissipating, or otherwise disposing of any funds, property, coins, lists of consumer names, shares of stock, or other assets, wherever located, that are (1) owned or controlled by any of the defendants, in whole or in part; (2) in the actual or constructive possession of any of the defendants; (3) held by an agent of any of the defendants, as a retainer for the agent's provision of services to a defendant; or (4) owned, controlled by, or in the actual or constructive possession of, or otherwise held for the benefit of, any corporation, partnership, or other entity directly or indirectly owned or controlled by any of the defendants. The freeze imposed in this Section shall apply to assets that any of the defendants acquires following entry of the TRO in this action only if such assets are derived from activity prohibited by this Order or the TRO;

B.     Collecting or attempting to collect payment, in whole or in part, from any consumer who hired defendants prior to the entry of the TRO or this Order;

C.     Opening or causing to be opened any safe deposit boxes titled in the name of any of the defendants, or subject to access by any of the defendants;

D.     Incurring charges or cash advances on any credit or debit card issued in the name, singly or jointly, of any of the defendants, or any corporation, partnership, or other entity directly or indirectly owned or controlled by any of the defendants; and

E.     Failing to disclose to plaintiff, immediately upon service of this Order (if not already disclosed pursuant to the TRO), information that fully identifies each asset of the defendants, and each entity holding such asset, including, without limitation, the entity's name, address, and telephone number, the number of the account, and the name under which the account is held.

F.     If defendants may apply to the court for permission to use some portion of their assets for reasonable living expenses and/or reasonable attorneys' fees, the court will determine whether to grant the request after affording the Commission an opportunity to respond.

### III.

### FINANCIAL REPORTS

**IT IS FURTHER ORDERED** that, if they have not already done so pursuant to the

1  TRO, within forty-eight (48) hours after service of this Order:

2      A.   Each of the Individual Defendants shall complete and deliver to Plaintiff the

3  Financial Statement captioned "Financial Statement of Individual Defendant," a copy of which

4  was attached to the TRO as Attachment 1;

5      B.   The Individual Defendants shall prepare and deliver to plaintiff, for Dinamica and

6  Soluciones, the Financial Statement captioned "Financial Statement of Corporate Defendant,"

7  a copy of which was attached to the TRO as Attachment 2.  The Individual Defendants shall be

8  jointly and severally liable for this obligation;

9      C.   Each of the Individual Defendants shall, on behalf of each corporation or other

10  entity of which he is the majority owner or otherwise controls, other than Dinamica or

11  Soluciones, complete and deliver to plaintiff a separate copy of the "Financial Statement of

12  Corporate Defendant"; and

13      D.   Defendants shall provide the Commission access to records and documents

14  pertaining to assets of any of the defendants that are held by financial institutions outside the

15  territory of the United States by signing a Consent to Release of Financial Records if requested

16  by plaintiff.

17         **IV.**

18      **PRESERVATION OF RECORDS**

19    **IT IS FURTHER ORDERED** that defendants, and their agents, servants, employees,

20  and attorneys, and all persons directly or indirectly under the control of any of them, and all

21  other persons in active concert or participation with any of them who receive actual notice of

22  this Order by personal service or otherwise, and each such person, are hereby restrained and

23  enjoined from destroying, erasing, mutilating, concealing, altering, transferring or otherwise

24  disposing of, in any manner, directly or indirectly, any documents that relate to the business

25  practices or finances of any of the defendants, including, but not limited to, such documents as

26  any contracts, accounting data, correspondence, advertisements, computer tapes, discs or other

27  computerized records, books, written or printed records, handwritten notes, telephone logs,

28  telephone scripts, receipt books, ledgers, personal and business canceled checks and check

registers, bank statements, appointment books, copies of federal, state, or local business or personal income or property tax returns.

## V.

### PROHIBITION ON RELEASE OF

### CUSTOMER INFORMATION OR CUSTOMER LISTS

**IT IS FURTHER ORDERED** that defendants, and officers, agents, directors, servants, employees, salespersons, and attorneys of defendants, as well as all other persons in active concert or participation with them, who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any trust, corporation, subsidiary, division, or other device, or any of them, are hereby restrained and enjoined from selling, renting, leasing, transferring, or otherwise disclosing the name, address, telephone number, credit card number, bank account number, e-mail address, or other identifying information of any person who paid money to any of the defendants for the purchase of any good or service or who were contacted or are on a list to be contacted by any of the defendants; *provided*, *however,* that Defendants may disclose such identifying information to a law enforcement agency or as required by any law, regulation, or court order.

## VI.

### RECORD KEEPING

**IT IS FURTHER ORDERED** that each of the Individual Defendants is hereby restrained and enjoined from failing to make and keep, and to provide to plaintiff's counsel promptly upon request, an accurate accounting that, in reasonable detail, accurately, fairly, and completely reflects such defendant's incomes (including all income resulting from any services, activity, or efforts rendered by such defendant), disbursements, transactions, and use of money, beginning immediately upon service or actual notice of this Order, and continuing daily until otherwise ordered by the court.

# VII.

## NOTIFICATION OF BUSINESS ACTIVITIES

**IT IS FURTHER ORDERED** that:

A.      Each of the Individual Defendants is hereby restrained and enjoined from directly or indirectly creating, operating, or exercising any control over any business entity, including any partnership, limited partnership, joint venture, sole proprietorship, or corporation, without first serving on counsel for the Commission a written statement disclosing the following: (1) the name of the business entity; (2) the address and telephone number of the business entity; (3) the names of the business entity's officers, directors, principals, managers and employees; and (4) a detailed description of the business entity's intended or actual activities.

B.      Each of the Individual Defendants shall notify the Commission at least seven (7) days prior to affiliating with, becoming employed by, or performing any work for any business that is not a named defendant in this action.  Each notice shall include the defendant's new business address and a statement of the nature of the business or employment and the nature of his duties and responsibilities in connection with that business or employment.

# VIII.

## FINANCIAL INSTITUTIONS

**IT IS FURTHER ORDERED** that any financial or brokerage institution, any business entity, or any other person having possession, custody, or control of any records of any of the defendants, or of any account, safe deposit box, or other asset titled in the name of any of the defendants, either individually or jointly or held for the benefit of any of the defendants, or which has maintained any such account, safe deposit box, or other asset at any time since May 19, 2007, shall:

A.      Hold and retain within its control and prohibit the transfer, encumbrance, pledge, assignment, removal, withdrawal, dissipation, sale, or other disposal of any such account or other asset, except for transfers or withdrawals authorized in writing by counsel for plaintiff or by further order of this court;

B.      Deny access to any safe deposit box titled individually or jointly in the name of,

1   or otherwise subject to access by, any of the cefendants;

2           C.      Provide to plaintiff within three (3) business days of notice of this Order, and if

3   not already provided pursuant to the TRO in this matter, a sworn statement setting forth:

4                   1.      the identification of each account or asset;

5                   2.      the balance of each account or a description of the nature and value of

6               each asset as of the close of business on the day notification of this Order

7               is received, and, if the account or asset has been closed or moved, the

8               balance or value removed and the person or entity to whom it was

9               transferred; and

10                  3.      the identification of any safe deposit box titled in the name of or subject

11              to access by any of the Defendants; and

12          D.      Upon request by counsel for plaintiff, promptly provide plaintiff with copies of

13  all records or other documentation pertaining to such account or asset, including but not limited

14  to originals or copies of account applications, account statements, signature cards, checks,

15  drafts, deposit tickets, transfers to and from the accounts, all other debit and credit instruments

16  or slips, currency transaction reports, 1099 forms, and safe deposit box logs.

17  **IX.**

18  **REPATRIATION OF ASSETS**

19        **IT IS FURTHER ORDERED** that within five (5) business days following service of this

20  Order, each of the defendants shall:

21          A.      Repatriate to the United States all funds, documents, or assets in foreign countries

22  held either: (1) by them; (2) for their benefit; or (3) under their direct or indirect control, jointly

23  or singly;

24          B.      On the same business day as any repatriation under paragraph A above,

25                  1.      notify plaintiff of the name and location of the financial institution or other

26              entity that is the recipient of such funds, documents, or assets; and

27                  2.      serve this Order on any such financial institution or other entity;

28          C.      Provide plaintiff with a full accounting of all funds, documents, and assets outside

16

of the territory of the United States held either: (1) by them; (2) for their benefit; or (3) under their direct or indirect control, jointly or singly; and

D.   Hold and retain all repatriated funds, documents, and assets and prevent any transfer, disposition, or dissipation whatsoever of any such assets or funds.

## X.

## BANKRUPTCY PETITIONS

**IT IS FURTHER ORDERED** that, in light of the asset freeze, defendants are prohibited from filing, or causing to be filed, on behalf of any defendant, a petition for relief under the United States Bankruptcy Code, 11 U.S.C. § 101 et seq., without prior permission from this Court.

## XI.

## STAY OF ACTIONS

**IT IS FURTHER ORDERED** that:

A.   Except by leave of this court, defendants and all other persons (except for Plaintiff) are hereby stayed from taking any action to establish or enforce any claim, right, or interest for, against, on behalf of, in, or in the name of: a) Dinamica or Soluciones, or b) any of Dinamica's or Soluciones' assets, including, but not limited to, the following actions:

        1.   Commencing, prosecuting, continuing, entering, or enforcing any suit or proceeding, except that such actions may be filed to toll any applicable statute of limitations;

        2.   Accelerating the due date of any obligation or claimed obligation; filing or enforcing any lien; taking or attempting to take possession, custody, or control of any asset; attempting to foreclose, forfeit, alter, or terminate any interest in any asset, whether such acts are part of a judicial proceeding, are acts of self-help, or otherwise; or

        3.   Executing, issuing, serving, or causing the execution, issuance or service of, any legal process, including, but not limited to, attachments, garnishments, subpoenas, writs of replevin, writs of execution, or any

1    other form of process whether specified in this Order or not.

2    B.    Paragraph (A) of this Section does not stay:

3          1.    The commencement or continuation of a criminal action or proceeding;

4          2.    The commencement or continuation of an action or proceeding by a

5                governmental unit to enforce such governmental unit's police or regulatory

6                power;

7          3.    The enforcement of a judgment, other than a money judgment, obtained

8                in an action or proceeding by a governmental unit to enforce such

9                governmental unit's police or regulatory power; or

10         4.    The commencement of any action by the Secretary of the United States

11               Department of Housing and Urban Development to foreclose a mortgage

12               or deed of trust in any case in which the mortgage or deed of trust held by

13               the Secretary is insured or was formerly insured under the National

14               Housing Act and covers property, or combinations of property, consisting

15               of five or more living units.

## XII.

## DISTRIBUTION OF ORDER

**IT IS FURTHER ORDERED** that the Individual Defendants shall immediately provide a copy of this Order to each of Dinamica's and Soluciones' affiliates, franchises, subsidiaries, divisions, successors, assigns, directors, officers, managing agents, employees, representatives, and independent contractors and shall, within three (3) business days from the date of service of this Order, serve on plaintiff affidavits identifying the names, titles, addresses, and telephone numbers of the persons whom they have served pursuant to this provision.

## XIII.

## CREDIT REPORTS

**IT IS FURTHER ORDERED** that plaintiff may obtain credit reports concerning any of the defendants pursuant to Section 604(a)(1) of the Fair Credit Reporting Act, 15 U.S.C. § 1681b(a)(1), and that, upon written request, any credit reporting agency from which such

reports are requested shall provide them to plaintiff.

## XIV.

## LIMITED EXPEDITED DISCOVERY

**IT IS FURTHER ORDERED** that the Commission is granted leave at any time after service of this Order to:

    A.    Take the deposition of any person, without limitation, for the purpose of:

        1.    discovering the nature, location, status, and extent of assets of any of the defendants, or of their affiliates or of their subsidiaries,

        2.    discovering the nature, location, status and extent of Documents reflecting the business transactions of any of the defendants;

        3.    discovering the nature and extent of defendants' business activities; and

    B.    Demand the production of documents from any person or entity relating to the nature, status, location and extent of any of the defendants' assets, and the location of any documents reflecting the defendants' business transactions or the nature and extent of defendants' business operations.

Thirty-six (36) hours notice shall be deemed sufficient for any such deposition and forty-eight (48) hours notice shall be deemed sufficient for the production of any such Documents. The limitations and conditions set forth in Fed. R. Civ. P. 30(a)(2) and 31(a)(2) shall not apply to depositions taken pursuant to this Section. Any such depositions taken pursuant to this Section shall not be counted toward the ten deposition limit set forth in Fed. R. Civ. P. 30(a)(2)(A)(i) and 31(a)(2)(A)(i). Service of discovery taken pursuant to this Section shall be sufficient if made by facsimile, by overnight delivery, or by email.

## XV.

## CORRESPONDENCE

**IT IS FURTHER ORDERED** that, for the purposes of this Order, all correspondence and service of pleadings on Plaintiff shall be addressed to:

    Tom Syta

    Stacy Procter

Maricela Segura

Jennifer Brennan

Federal Trade Commission

10877 Wilshire Blvd., Suite 700

Los Angeles, CA  90024

Fax: (310) 824-4380

E-mail: tsyta@ftc.gov; sprocter@ftc.gov; msegura@ftc.gov; jmbrennan@ftc.gov

## XVI.

## SERVICE OF THIS ORDER

**IT IS FURTHER ORDERED** that copies of this Order may be served by any means, including facsimile transmission, upon any financial institution or other entity or person that may have possession, custody, or control of any documents or assets of any defendant, or that may be subject to any provision of this Order.

**IT IS SO ORDERED.**

DATED: June 3, 2009

_____
MARGARET M. MORROW
UNITED STATES DISTRICT JUDGE