JS - 6

1
2
3
4
5
6
7
8
9
10
11

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION, | |
| Plaintiff, | Case No. CV 09-03554 MMM (PJWx) |
| v. | |
| DINAMICA FINANCIERA LLC, a California limited liability company; | JUDGMENT FOR PLAINTIFF |
| SOLUCIONES DINAMICAS, INC., a California corporation; | |
| OFICINAS LEGALES DE ERIC-DOUGLAS JOHNSON, INC., a California corporation; | |
| ERIC DOUGLAS JOHNSON, an individual; | |
| VALENTIN BENITEZ, an individual; | |
| JOSE MARIO ESQUER, an individual; and | |
| ROSA ESQUER an individual, | |
| Defendants. | |

Plaintiff Federal Trade Commission ("FTC" or "Commission") moved for summary judgment on both counts in its First Amended Complaint. Plaintiff and Defendants Rosa Esquer and Jose Mario Esquer subsequently settled Count Two of the First Amended Complaint. A hearing on plaintiff's summary judgment motion addressing Count One, the remaining claim in the First Amended Complaint, took place on August 16, 2010. Having considered the moving papers, arguments of counsel, and all other matters presented, the court granted the motion on August 19, 2010.

IT IS HEREBY ORDERED THAT:

Judgment is hereby entered in favor of the FTC against Dinamica Financiera LLC, Valentin Benitez and Jose Mario Esquer, jointly and severally, in the amount of $3,746,555.70.

Judgment is hereby entered in favor of the FTC against Soluciones Dinamicas, Inc., Valentin Benitez and Jose Mario Esquer, jointly and severally, in the amount of $1,365,211.90.

Judgment is hereby entered in favor of the FTC against Oficinas Legales de Eric-Douglas Johnson, Inc., Valentin Benitez and Eric Douglas Johnson, jointly and severally, in the amount of $394,493.26.

These sums shall become immediately due and payable upon entry of this judgment. These suns shall bear post-judgment interest at the rate of .25 percent.

All funds paid pursuant to this judgment shall be deposited into a fund administered by the FTC or its agent to be used for equitable relief, including, but not limited to, consumer redress and any attendant expenses for the administration of such equitable relief. In the event that direct redress to consumers is wholly or partially impracticable or funds remain after redress is completed, the FTC may apply any remaining funds to other equitable relief (including consumer information remedies) as it determines to be reasonably related to defendants' practices alleged in the First Amended Complaint. Defendants shall have no right to challenge the FTC's choice of remedies under this Subsection. The FTC, in its sole discretion, may use a designated

agent to administer consumer redress. This judgment for equitable monetary relief is solely remedial in nature and is not a fine, penalty, punitive assessment, or forfeiture.

In accordance with 31 U.S.C. § 7701, defendants are hereby required, unless they have already done so, to furnish to the FTC their respective taxpayer identification number (Social Security number or employer identification number), which shall be used for purposes of collecting and reporting any amount that may be owing by any of the defendants.

Defendants relinquish all dominion, control, and title to the funds paid to the fullest extent permitted by law. Defendants shall make no claim to or demand for return of the funds, directly or indirectly, through counsel or otherwise.

The court further grants permanent injunctive relief against defendants on the following terms:

## DEFINITIONS

For purposes of this Judgment, the following definitions shall apply:

1. "*Assisting others*" includes, but is not limited to, providing any of the following goods or services to another person: (A) performing customer service functions, including, but not limited to, receiving or responding to consumer complaints; (B) formulating or providing, or arranging for the formulation or provision of, any telephone sales script or any other marketing material, including but not limited to, the text of any Internet website, email, or other electronic communication; (C) providing names of, or assisting in the generation of, potential customers; (D) performing marketing services of any kind; or (E) acting or serving as an owner, officer, director, manager, or principal of any entity.

2. "*Credit*" means the right granted by a creditor to a debtor to defer payment of debt or to incur debt and defer its payment.

3. "*Debt relief good or service*" means any good, service, plan, or program, including debt management plans, debt settlement, debt negotiation, and for-profit credit counseling, represented, expressly or by implication, to renegotiate, settle, or in

any way alter the terms of payment or other terms of the debt between a consumer and one or more unsecured creditors, servicers, or debt collectors, including but not limited to, a reduction in the balance, interest rate, or fees owed by a consumer to an unsecured creditor, servicer, or debt collector.

  4. "***Defendants***" means all of the Individual Defendants and Corporate Defendants, individually, collectively, or in any combination. "***Corporate Defendants***" means Dinamica Financiera LLC, Soluciones Dinamicas, Inc., and Oficinas Legales de Eric-Douglas Johnson. "***Individual Defendants***" means Valentin Benitez, Jose Mario Esquer, and Eric Douglas Johnson.

  5. "***Financial related good or service***" means any good, service, plan, or program that is represented, expressly or by implication, to (A) provide any consumer, arrange for any consumer to receive, or assist any consumer in receiving, credit, debit, or stored value cards; (B) improve, or arrange to improve, any consumer's credit record, credit history, or credit rating; (C) provide advice or assistance to any consumer with regard to any activity or service the purpose of which is to improve a consumer's credit record, credit history, or credit rating; (D) provide any consumer, arrange for any consumer to receive, or assist any consumer in receiving, a loan or other extension of credit; (E) provide any consumer, arrange for any consumer to receive, or assist any consumer in receiving, debt relief goods or services; (F) provide any consumer, arrange for any consumer to receive, or assist any consumer in receiving any service represented, expressly or by implication, to renegotiate, settle, or in any way alter the terms of payment or other terms of the debt between a consumer and one or more secured creditors, servicers, or debt collectors.

  6. "***Federal homeowner relief or financial stability program***" means any program (including its sponsoring agencies, telephone numbers, and Internet websites) operated or endorsed by the United States government to provide relief to homeowners or stabilize the economy, including but not limited to (A) the Making Home Affordable Program; (B) the Financial Stability Plan; (C) the Troubled Asset Relief Program and

any other program sponsored or operated by the United States Department of the Treasury; (D) the HOPE for Homeowners program, any program operated or created pursuant to the Helping Families Save Their Homes Act, and any other program sponsored or operated by the Federal Housing Administration; or (E) any program sponsored or operated by the United States Department of Housing and Urban Development ("HUD"), the HOPE NOW Alliance, the Homeownership Preservation Foundation, or any other HUD-approved housing counseling agency.

7. ***"For-profit "*** means any activity organized to carry on business for the profit of the entity engaging in the activity or that of its members.

8. ***"Material fact"*** means any fact that is likely to affect a person's choice of, or conduct regarding, goods or services.

9. "***Mortgage loan modification or foreclosure relief service***" means any good, service, plan, or program that is represented, expressly or by implication, to assist a consumer in any manner to (A) stop, prevent, or postpone any home mortgage or deed of trust foreclosure sale; (B) obtain or arrange a modification of any term of a home loan, deed of trust, or mortgage; (C) obtain any forbearance from any mortgage loan holder or servicer; (D) exercise any right of reinstatement of any mortgage loan; (E) obtain, arrange, or attempt to obtain or arrange any extension of the period within which the owner of property sold at foreclosure may cure his or her default or reinstate his or her obligation; (F) obtain any waiver of an acceleration clause contained in any promissory note or contract secured by a deed of trust or mortgage on a residence in foreclosure or contained in that deed of trust; (G) obtain a loan or advance of funds that is connected to the consumer's home ownership; (H) avoid or ameliorate the impairment of the consumer's credit record, credit history, or credit rating that is connected to the consumer's home ownership; (I) save the consumer's residence from foreclosure; (J) assist the consumer in obtaining proceeds from the foreclosure sale of the consumer's residence; (K) obtain or arrange a pre-foreclosure sale, short sale, or deed-in-lieu of foreclosure; (L) obtain or arrange a refinancing, recapitalization, or

reinstatement of a home loan, deed of trust, or mortgage; (M) audit or examine a consumer's mortgage or home loan application; or (N) obtain, arrange, or attempt to obtain or arrange any extension of the period within which the renter of property sold at foreclosure may continue to occupy the property. The foregoing shall include any manner of claimed assistance, including, but not limited to, debt, credit, budget, or financial counseling; receiving money for the purpose of distributing it to creditors; contacting creditors or servicers on behalf of the consumer; and giving advice of any kind with respect to filing for bankruptcy.

10. "***Person***" means a natural person, organization, or other legal entity, including a corporation, partnership, proprietorship, association, cooperative, or any other group or combination acting as an entity.

11. "***Servicer***" means any beneficiary, mortgagee, trustee, loan servicer, loan holder, or other entity that performs loan or credit account administration or processing services and/or its authorized agents.

12. The words "***and***" and "***or***" shall be understood to have both conjunctive and disjunctive meanings.

# I.
# BAN ON MORTGAGE LOAN MODIFICATION
# AND FORECLOSURE RELIEF SERVICES

**IT IS ORDERED** that Defendants, whether acting directly or through any other person, is permanently restrained and enjoined from

A. Advertising, marketing, promoting, offering for sale, or selling any mortgage loan modification or foreclosure relief service; and

B. Assisting others engaged in advertising, marketing, promoting, offering for sale, or selling any mortgage loan modification or foreclosure relief service.

## II.

## PROHIBITED REPRESENTATIONS RELATING TO
## FINANCIAL RELATED GOODS AND SERVICES

**IT IS FURTHER ORDERED** that Defendants and their successors, assigns, officers, agents, servants, employees, and attorneys, and those persons or entities in active concert or participation with any of them who receive actual notice of this Judgment by personal service, facsimile transmission, email, or otherwise, whether acting directly or through any corporation, subsidiary, division, or other device, in connection with the advertising, marketing, promotion, offering for sale or sale of any financial related good or service, are hereby permanently restrained and enjoined from:

    A.    Misrepresenting or assisting others in misrepresenting, expressly or by implication, any material fact, including but not limited to:

        1.    The terms or rates that are available for any loan or other extension of credit, including but not limited to:

            a.    closing costs or other fees;

            b.    the payment schedule, the monthly payment amount(s), or other payment terms, or whether there is a balloon payment; interest rate(s), annual percentage rate(s), or finance charge; the loan amount, the amount of credit, the draw amount, or outstanding balance; the loan term, the draw period, or maturity; or any other term of credit;

            c.    the savings associated with the credit;

            d.    the amount of cash to be disbursed to the borrower out of the proceeds, or the amount of cash to be disbursed on behalf of the borrower to any third parties;

            e.    whether the payment of the minimum amount specified each month covers both interest and principal, and whether the credit has or can result in negative amortization;

    f. that the credit does not have a prepayment penalty or that no prepayment penalty and/or other fees or costs will be incurred if the consumer subsequently refinances; and

    g. that the interest rate(s) or annual percentage rate(s) are fixed rather than adjustable or adjustable rather than fixed;

  2. That any person can improve any consumer's credit record, credit history, or credit rating by permanently removing negative information from the consumer's credit record, credit history, or credit rating, even where such information is accurate and not obsolete;

  3. Any person's ability to improve or otherwise affect a consumer's credit record, credit history, or credit rating or ability to obtain credit;

  4. Any aspect of any debt relief good or service, including but not limited to, the amount of savings a consumer will receive from purchasing, using, or enrolling in such debt relief good or service; the amount of time before which a consumer will receive settlement of the consumer's debts; or the reduction or cessation of collection calls; and

  5. That a consumer will receive legal representation;

 B. Advertising or assisting others in advertising credit terms other than those terms that actually are or will be arranged or offered by a creditor or lender.

## III.
## PROHIBITED REPRESENTATIONS RELATING TO
## ANY GOODS OR SERVICES

**IT IS FURTHER ORDERED** that Defendants and their successors, assigns, officers, agents, servants, employees, and attorneys, and those persons or entities in

8

active concert or participation with any of them who receive actual notice of this Judgment by personal service, facsimile transmission, email, or otherwise, whether acting directly or through any corporation, subsidiary, division, or other device, in connection with the advertising, marketing, promotion, offering for sale or sale of any good, service, plan, or program are hereby permanently restrained and enjoined from misrepresenting or assisting others in misrepresenting, expressly or by implication, any material fact, including but not limited to:

    A.    Any material aspect of the nature or terms of any refund, cancellation, exchange, or repurchase policy, including, but not limited to, the likelihood of a consumer obtaining a full or partial refund, or the circumstances in which a full or partial refund will be granted to the consumer;

    B.    That any person is affiliated with, endorsed or approved by, or otherwise connected to any other person, government entity, any federal homeowner relief or financial stability program, or any other program;

    C.    The total costs to purchase, receive, or use, and the quantity of, the good or service;

    D.    Any material restriction, limitation, or condition to purchase, receive, or use the good or service; and

    E.    Any material aspect of the performance, efficacy, nature, or characteristics of the good or service.

## IV.

## PROHIBITION ON ENFORCEMENT OF CONTRACTS

**IT IS FURTHER ORDERED** that Defendant and their successors, assigns, officers, agents, servants, employees, and attorneys, and those persons or entities in active concert or participation with any of them who receive actual notice of this Judgment by personal service or otherwise, whether acting directly or through any corporation, subsidiary, division, or other device, are hereby permanently restrained and enjoined from demanding payment on or enforcing or attempting to enforce any

contract or agreement with any consumer, in conjunction with the sale of any mortgage loan modification or foreclosure relief service, entered into by any Defendant prior to the effective date of this Judgment.

## V.

## PROHIBITION ON SALE OF CUSTOMER INFORMATION

**IT IS FURTHER ORDERED** that Defendants and their successors, assigns, officers, agents, servants, employees, and attorneys, and those persons or entities in active concert or participation with any of them who receive actual notice of this Judgment by personal service or otherwise, whether acting directly or through any corporation, subsidiary, division, or other device, are permanently restrained and enjoined from:

A. disclosing, using, or benefitting from customer information, including the name, address, telephone number, email address, social security number, other identifying information, or any data that enables access to a customer's account (including a credit card, bank account, or other financial account), of any person which any Defendant obtained prior to entry of this Judgment in connection with the advertising, marketing, promotion, offering for sale or sale of any mortgage loan modification or foreclosure relief service*;* and

B. failing to dispose of such customer information in all forms in their possession, custody, or control within thirty (30) days after entry of this Judgment. Disposal shall be by means that protect against unauthorized access to the customer information, such as by burning or shredding any papers, and by erasing or destroying any electronic media, to ensure that the customer information cannot practically be read or reconstructed.

***Provided, however***, that customer information need not be disposed of, and may be disclosed, to the extent requested by a government agency or required by a law, regulation, or court order.

# VI

# COMPLIANCE MONITORING

**IT IS FURTHER ORDERED** that, for the purpose of monitoring and investigating compliance with any provision of this Judgment:

A. Within ten (10) days of receipt of written notice from a representative of the Commission, Defendants each shall submit additional written reports, which are true and accurate and sworn to under penalty of perjury; produce documents for inspection and copying; appear for deposition; and provide entry during normal business hours to any business location in each Defendant's possession or direct or indirect control to inspect the business operation;

B. In addition, the Commission is authorized to use all other lawful means, including but not limited to:

1. obtaining discovery from any person, without further leave of court, using the procedures prescribed by Fed. R. Civ. P. 30, 31, 33, 34, 36, 45 and 69;

2. having its representatives pose as consumers and suppliers to Defendants, their employees, or any other entity managed or controlled in whole or in part by any Defendant, without the necessity of identification or prior notice; and

C. Defendants each shall permit representatives of the Commission to interview any employer, consultant, independent contractor, representative, agent, or employee who has agreed to such an interview, relating in any way to any conduct subject to this Judgment. The person interviewed may have counsel present.

*Provided however,* that nothing in this Judgment shall limit the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1, to obtain any documentary material, tangible things, testimony, or information relevant to unfair or deceptive acts or practices in or affecting commerce (within the meaning of 15 U.S.C. § 45(a)(1)).

# VII

# COMPLIANCE REPORTING

**IT IS FURTHER ORDERED** that, in order that compliance with the provisions of this Judgment may be monitored:

    A.    For a period of five (5) years from the date of entry of this Judgment,

        1.    Each Individual Defendant shall notify the Commission of the following:

            a.    Any changes in such Defendant's residence, mailing addresses, and telephone numbers, within ten (10) days of the date of such change;

            b.    Any changes in such Defendant's employment status (including self-employment), and any change in such Defendant's ownership in any business entity, within ten (10) days of the date of such change.  Such notice shall include the name and address of each business that such Defendant is affiliated with, employed by, creates or forms, or performs services for; a detailed description of the nature of the business; and a detailed description of such Defendant's duties and responsibilities in connection with the business or employment; and

            c.    Any changes in such Defendant's name or use of any aliases or fictitious names within ten (10) days of the date of such change;

        2.    Defendants shall notify the Commission of any changes in structure of any Corporate Defendant or any business entity that any Defendant directly or indirectly controls, or has an ownership interest in, that may affect compliance obligations arising under this Judgment, including but not limited to:  incorporation or other organization; a dissolution, assignment, sale, merger, or other action; the creation or dissolution of a subsidiary, parent, or affiliate that engages in any acts or practices subject to this Judgment; or a change in the business name or address, at least thirty (30) days prior to such change, *provided* that, with respect to any such change

    in the business entity about which a Defendant learns less than thirty (30) days prior to the date such action is to take place, such Defendant shall notify the Commission as soon as is practicable after obtaining such knowledge.

 B. One hundred eighty (180) days after the date of entry of this Judgment and annually thereafter for a period of five (5) years, Defendants each shall provide a written report to the FTC, which is true and accurate and sworn to under penalty of perjury, setting forth in detail the manner and form in which they have complied and are complying with this Judgment. This report shall include, but not be limited to:

  1. For each Individual Defendant:

   a. such Defendant's then-current residence address, mailing addresses, and telephone numbers;

   b. such Defendant's then-current employment status (including self-employment), including the name, addresses, and telephone numbers of each business that such Defendant is affiliated with, employed by, or performs services for; a detailed description of the nature of the business; and a detailed description of such Defendant's duties and responsibilities in connection with the business or employment; and

   c. Any other changes required to be reported under Subsection A of this Section.

  2. For all Defendants:

   a. A copy of each acknowledgment of receipt of this Judgment, obtained pursuant to the Section titled "Distribution of Judgment;"

   b. Any other changes required to be reported under Subsection A of this Section.

 C. Each Defendant shall notify the Commission of the filing of a bankruptcy petition by such Defendant within fifteen (15) days of filing.

D. For the purposes of this Judgment, Defendants shall, unless otherwise directed by the Commission's authorized representatives, send by overnight courier (not the U.S. Postal Service) all reports and notifications to the Commission that are required by this Judgment to:

> Associate Director for Enforcement
> Bureau of Consumer Protection
> Federal Trade Commission
> 600 Pennsylvania Avenue, N.W.
> Washington, D.C.  20580
> RE:  FTC v. Dinamica Financiera LLC et al. X090050

*Provided* that, in lieu of overnight courier, Defendants may send such reports or notifications by first-class mail, but only if Defendants contemporaneously send an electronic version of such report or notification to the Commission at DEbrief@ftc.gov.

E. For purposes of the compliance reporting and monitoring required by this Judgment, the Commission is authorized to communicate directly with each Defendant.

## VIII
## RECORDKEEPING

**IT IS FURTHER ORDERED** that, for a period of eight (8) years from the date of entry of this Judgment, Corporate Defendants, and Individual Defendants for any business for which they, individually or collectively, are the majority owner or directly or indirectly control, are hereby restrained and enjoined from failing to create and retain the following records:

A. Accounting records that reflect the cost of goods or services sold, revenues generated, and the disbursement of such revenues;

B. Personnel records accurately reflecting: the name, address, and telephone number of each person employed in any capacity by such business, including as an independent contractor; that person's job title or position; the date upon which the person commenced work; and the date and reason

     for the person's termination, if applicable;

C. Customer files containing the names, addresses, phone numbers, dollar amounts paid, quantity of items or services purchased, and description of items or services purchased, to the extent such information is obtained in the ordinary course of business;

D. Complaints and refund requests (whether received directly or indirectly, such as through a third party,) and any responses to those complaints or requests;

E. Copies of all sales scripts, training materials, advertisements, or other marketing materials; and

F. All records and documents necessary to demonstrate full compliance with each provision of this Judgment, including but not limited to, copies of acknowledgments of receipt of this Judgment required by the Sections titled "Distribution of Judgment" and "Acknowledgment of Receipt of Judgment" and all reports submitted to the FTC pursuant to the Section titled "Compliance Reporting."

## IX
## DISTRIBUTION OF JUDGMENT

**IT IS FURTHER ORDERED** that, for a period of five (5) years from the date of entry of this judgment, Defendants shall deliver copies of the judgment as directed below:

A. Corporate Defendant: Each Corporate Defendant must deliver a copy of this Judgment to (1) all of its principals, officers, directors, and managers; (2) all of its employees, agents, and representatives who engage in conduct related to the subject matter of the Judgment; and (3) any business entity resulting from any change in structure set forth in Subsection A.2 of the Section titled "Compliance Reporting." For current personnel, delivery

shall be within five (5) days of service of this Judgment upon such Defendant. For new personnel, delivery shall occur prior to them assuming their responsibilities. For any business entity resulting from any change in structure set forth in Subsection A.2 of the Section titled "Compliance Reporting," delivery shall be at least ten (10) days prior to the change in structure.

B. Individual Defendant as control person: For any business that an Individual Defendant controls, directly or indirectly, or in which such Defendant has a majority ownership interest, such Defendant must deliver a copy of this Judgment to (1) all principals, officers, directors, and managers of that business; (2) all employees, agents, and representatives of that business who engage in conduct related to the subject matter of the Judgment; and (3) any business entity resulting from any change in structure set forth in Subsection A.2 of the Section titled "Compliance Reporting." For current personnel, delivery shall be within five (5) days of service of this Judgment upon such Defendant. For new personnel, delivery shall occur prior to them assuming their responsibilities. For any business entity resulting from any change in structure set forth in Subsection A.2 of the Section titled "Compliance Reporting," delivery shall be at least ten (10) days prior to the change in structure.

C. Individual Defendant as employee or non-control person: For any business where an Individual Defendant is not a controlling person of a business but otherwise engages in conduct related to the subject matter of this Judgment, such Defendant must deliver a copy of this Judgment to all principals and managers of such business before engaging in such conduct.

D. Defendants must secure a signed and dated statement acknowledging receipt of the Judgment, within thirty (30) days of delivery, from all persons receiving a copy of the Judgment pursuant to this Section.

# X

# ACKNOWLEDGMENT OF RECEIPT OF JUDGMENT

**IT IS FURTHER ORDERED** that each Defendant, within five (5) business days of receipt of this Judgment as entered by the Court, must submit to the Commission a truthful sworn statement acknowledging receipt of this Judgment.

# XI

# RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this matter for purposes of construction, modification, and enforcement of this Judgment.

Dated: August 19, 2010

MARGARET M. MORROW
UNITED STATES DISTRICT JUDGE